tention. 28 U.S.C. § 2255. *See also Williams v. United States*, 323 F.2d 672, 673 (10th Cir.1963) (per curiam), *cert. denied*, 377 U.S. 980, 84 S.Ct. 1887, 12 L.Ed.2d 749 (1964).

Although nominally brought under 28 U.S.C. § 2241, Mr. Winfield presents a quintessential § 2255 claim; he is challenging the validity, rather than the execution, of his conviction and sentence. We have previously held that the restrictions on filing successive § 2255 motions do not render the § 2255 remedy inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999). Nor do the denials of relief in previous § 2255 proceedings indicate the inadequacy or ineffectiveness of this remedy. *See Williams*, 323 F.2d at 673. Because he has an adequate and effective remedy under § 2255 in the district where he was sentenced, § 2241 is inappropriate for this case. The district court's denial of the petition was therefore correct.

### Jose Carlos PINEDA, Petitioner–Appellant,

v.

### E.J. GALLEGOS, Respondent–Appellee.

### No. 03–1073.

United States Court of Appeals, Tenth Circuit.

Aug. 22, 2003.

Jose Carlos Pineda, Florence, CO, for Petitioner–Appellant.

John W. Suthers, U.S. Attorney, Robert M. Russel, Office of the United States Attorney, Denver, CO, Respondent–Appellee.

Before KELLY, BRISCOE, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT*

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not ma-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

The court generally disfavors the citation of orders and judgments; nevertheless, an order